**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Northern Division

JOHN A. HENRY, JR.,                                    :
                                                                   :
                     Plaintiff,                              :
                                                                   :
          vs.                                                   :          Civil Action No.  07-02592 (WDQ)
                                                                   :
MANSOOR EMRAL SHAOOL, etal.          :
                                                                   :
                     Defendants.                        :
-------------------------------------------------------:
                                                                   :
MANSOOR EMRAL SHAOOL, etal.          :
                                                                   :
                                                                   :
                     Counter-Plaintiffs,            :
                                                                   :
          vs.                                                   :
                                                                   :
JOHN A. HENRY, JR.                                   :
                                                                   :
                     Counter-Defendant.         :
-------------------------------------------------------

### DEFENDANT SASSAN EMRAL SHAOOL'S ANSWER TO COMPLAINT

Sassan Emral Shaool, through his undersigned counsel, hereby files this Answer in response to the Complaint filed by John A. Henry, Jr. and respond to the allegations therein as follows:

1.      Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 1 of the Complaint.

2.      Defendant admits the allegations in paragraph 2 of the Complaint.

3.      Defendant admits the allegations in paragraph 3 of the Complaint.

4.      Defendant admits the allegations in paragraph 4 of the Complaint.

5.      The averments in paragraph 5 contain conclusions of law to which no response is required.

6.      The averments in paragraph 6 contain conclusions of law to which no response is required.

7.      Defendant admits that some members of the Shaool family have engaged in the development of residential and commercial real estate, primarily in Washington County, Maryland.

8.      Defendant admits that John Henry worked for a Washington, D.C. firm and worked in the State of New York, but is without sufficient knowledge to admit or deny the allegations in paragraph 8 of the Complaint, and therefore denies said allegations.

9.      Defendant admits that John Henry introduced some of them to Dave Neuman, whom Mr. Henry had worked with before, but is without sufficient knowledge to admit or deny the remaining allegations and, therefore, denies the remaining allegations in paragraph 9 of the Complaint.

10.     Defendant admits that John Henry, Jr. attended high school with Sassan Emral Shaool, but denies the remaining allegations  in paragraph 10 of the Complaint..

11.     Defendant admits that he met Mr. Neuman and that Mr. Neuman became involved in some of the Shaools' retail leasing efforts in Carlisle and contacted potential tenants for Hagerstown and other projects, but denies the remaining allegations.

12.     Defendant denies the allegations in paragraph 12 of the Complaint.

13.     Defendant admits that Mr. Henry was provided with a town home in Hagerstown and a salary by Washco Developments, Inc. for legal services provided to Washco, additional entities controlled by the Shaools (or some of them), and the

Shaools, individually, on various matters, but denies the remaining allegations in paragraph 13.

14.     Defendant denies the allegations in paragraph 14 of the Complaint.

15.     Defendant admits the allegations in paragraph 15 of the Complaint.

16.     Defendant states that the written document speaks for itself, and to the extent that the allegations are inconsistent with the document, defendant denies the allegations made in paragraph 16 of the Complaint.

17.     Defendant denies the allegations in paragraph 17 of the Complaint.

18.     Defendant admits that Mr. Henry raised the issue of forming a Limited Liability Company with regard to Hagerstown Galleria, but denies the remaining allegations in paragraph 18 of the Complaint.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     Defendant denies the allegations in paragraph 20 of the Complaint.

21.     Defendant denies the allegations in paragraph 21 of the Complaint.

22.     Defendant admits that Mr. Henry was involved in some negotiations for purchase of land, but denies the remaining allegations in paragraph 22 of the Complaint.

23.     Defendant admits that Mr. Henry advised them to place property purchased by Mansoor and Janet Shaool in an entity bearing the name of Henry and Associates, LLC., and denies all allegations in paragraph 23 of the Complaint.

24.     Defendant is without sufficient knowledge to admit or deny communications between Mr. Henry and Mr. Neuman and retailers, and denies all allegations in paragraph 24 of the Complaint.

25.     Defendant denies the allegations in paragraph 25 of the Complaint.

26.    Defendant admits that Mr. Henry drafted a Limited Liability Company Agreement regarding Hagerstown Galleria, but denies the remaining allegations in paragraph 26 of the Complaint.

27.    Defendant admits that Mr. Henry drafted a Limited Liability Agreement, that he signed it after the Mr. Henry threatened to impede the Carlisle development project, that he purposefully never delivered the document to Mr. Henry and told Mr. Henry so, and that the other defendants did not sign it, and denies any remaining allegation.

28.    Defendant admits that John Henry filed Articles of Organization with the Maryland State Department of Assessments and Taxation, but denies the remaining allegation.

29.    Defendant admits that, based on the information and explanation provided by Mr. Henry as legal counsel, he did not object to the filing of Articles, but denies any remaining allegation.

30.    Defendant denies that a partnership existed, that Mr. Henry was a principal of any such partnership, and all remaining allegations in paragraph 30.

31.    Defendant admits that he heard Mr. Henry represent himself as a partner of Washco Retail Group, but trusted and did not question his legal counsel as to the accuracy or propriety of such conduct, and denies any remaining allegations of paragraph 31of the Complaint.

32.    Defendant admits that Mr. Henry created an estimate of value, but denies the remaining allegations.

33.    Defendant denies the allegations in paragraph 33 of the Complaint.

-4-

34.     Defendant admits that Mr. Henry was an employee of Washco Development, legal counsel to them, and given Mr. Henry's cessation of services for Washco Developments and other projects and based on discussions with Mr. Henry, Mr. Henry's employment and legal services terminated, and denies the remaining allegations in paragraph 34 of the Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Paragraph 36 is an incorporation paragraph and requires no response.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant denies the allegations in paragraph 38 of the Complaint.

39.     Defendant denies the allegations in paragraph 39 of the Complaint.

40.     The averment in paragraph 40 is a conclusion of law to which no response is required.

41.     Paragraph 41 is an incorporation paragraph and requires no response.

42.     Defendant denies the allegations in paragraph 42 of the Complaint.

43.     Defendant denies the allegations in paragraph 43 of the Complaint.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

45.     Defendant denies the allegations in paragraph 45 of the Complaint.

46-58.  No response is required to the allegations in paragraphs 46 through 58, as they are subject to a Motion to Dismiss Counts III and IV.

59.     Paragraph 59 is an incorporation paragraph and requires no response.

60.     Defendant denies the allegations in paragraph 60 of the Complaint.

61.     Defendant denies the allegations in paragraph 61 of the Complaint.

62.     Defendant admits that Mr. Henry drafted an LLC Agreement whereby he sought to obtain an ownership interest and that Mr. Henry wanted such interest, but denies the remaining allegations in paragraph 62 of the Complaint.

63.     Defendant denies the allegations in paragraph 63 of the Complaint.

### General Denial

Any allegation in Plaintiff's Complaint not specifically admitted above is hereby denied.

### Defenses and Affirmative Defenses

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred by the statute of frauds.

3.      Plaintiff's claims are barred by duress.

4.      Plaintiff's claims are barred by estoppel.

5.      Plaintiff's claims are barred by failure of consideration.

6.      Plaintiff's claims are barred by fraud.

7.      Plaintiff's claims are barred by illegality.

8.      Plaintiff's claims are barred by waiver.

9.      Plaintiff's claims are barred by laches and/or statute of limitations.

10.     Plaintiff's claims are barred by payment.

11.     Plaintiff is barred from recovery because he practiced law in Maryland without being admitted to the Maryland Bar.

12.	Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by the Defendant, Plaintiff has failed to mitigate or minimize the alleged damages.

13.	Defendant is not liable for punitive damages under federal or state law, because Defendants have not committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights.

14.	Plaintiff has pled and filed this action in bad faith and therefore should be barred from any recovery in this action.

15.	Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant his costs and attorneys' fees incurred in this action, and award Defendant any such other relief that this Court deems just and proper.

PALEY, ROTHMAN, GOLDSTEIN,
ROSENBERG, EIG & COOPER, Chtd.


_____/s/_____
GLENN M. COOPER, #00977
PATRICIA M. WEAVER, #10951
4800 Hampden Lane, 7th Floor
Bethesda, Maryland  20814
(301) 951-9360
*Counsel for Sassan Emral Shaool*


## JURY DEMAND

Defendant, Sassan Shaool, requests a jury on all issues so triable.

_____/s/_____
Patricia M. Weaver