**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | | |
|---|---|---|
| **JOHN A. HENRY, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | Civil Action No.  **07-02592 (WDQ)** |
| | : | |
| **MANSOOR EMRAL SHAOOL, et al.** | : | |
| | : | |
| **Defendants.** | : | |
| ------------------------------------------------------- | : | |
| | : | |
| **MANSOOR EMRAL SHAOOL, et al.** | : | |
| | : | |
| **Counter-Plaintiffs,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **JOHN A. HENRY, JR.** | : | |
| | : | |
| **Counter-Defendant.** | : | |
| ------------------------------------------------------- | | |

**MANSOOR EMRAL SHAOOL, JANET EMRAL SHAOOL
AND ADAM EMRAL SHAOOL'S AMENDED ANSWER TO COMPLAINT**

COME NOW Defendants/Counter-Plaintiffs, Mansoor Emral Shaool and Janet Emral Shaool, and Defendant, Adam Emral Shaool (collectively, "Defendants"), through their undersigned counsel, and hereby file this Amended Answer in response to the Complaint filed by John A. Henry, Jr. and respond to the allegations therein as follows:

1. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 1 of the Complaint.

2. Defendants admit the allegations in paragraph 2 of the Complaint.

3. Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

5. The averments in paragraph 5 contain conclusions of law to which no response is required.

6. The averments in paragraph 6 contain conclusions of law to which no response is required.

7. Defendants admit that some members of the Shaool family have engaged in the development of residential and commercial real estate, primarily in Washington County, Maryland.

8. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 8 of the Complaint, and therefore deny said allegations.

9. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 9 of the Complaint, and therefore deny said allegations.

10. Defendants admit that John Henry, Jr. attended high school with Sassan Emral Shaool, but deny the remaining allegations in paragraph 10 of the Complaint.

11. Defendants admit that Mansoor Emral Shaool met Mr. Neuman and that Mr. Neuman became involved in some of the Shaools' retail leasing efforts in Carlisle and contacted potential tenants for Hagerstown and other projects, but deny the remaining allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants admit that Mr. Henry was provided with a town home in Hagerstown and a salary by Washco Developments, Inc. for legal services provided to Washco, additional entities controlled by the Shaools (or some of them), and the Shaools, individually, on various matters, but deny the remaining allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants admit the allegations in paragraph 15 of the Complaint.

16. Defendants state that the written document speaks for itself, and deny any allegations in Paragraph 16 that are inconsistent therewith.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants admit that Mr. Henry raised the issue of forming a Limited Liability Company with regard to Hagerstown Galleria, but deny the remaining allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants admit that Mr. Henry was involved in some negotiations for purchase of land, but deny the remaining allegations in paragraph 22 of the Complaint.

23. Defendants admit that at Mr. Henry's suggestion, Mansoor and Janet Shaool purchased property in an entity bearing the name of Henry Associates I, LLC, but deny all remaining allegations in paragraph 23 of the Complaint.

24. Defendants are without sufficient knowledge to admit or deny communications between Mr. Henry and Mr. Neuman and retailers, and deny all allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendant Mansoor Emral Shaool admits that Mr. Henry drafted a Limited Liability Company Agreement regarding Hagerstown Galleria, but denies the remaining allegations in paragraph 26 of the Complaint. Defendants Janet Emral Shaool and Adam Emral Shaool are without

sufficient knowledge to admit or deny the allegation in paragraph 26 of the Complaint that Mr. Henry drafted a Limited Liability Company Agreement, and therefore deny said allegation, and deny the remaining allegations in paragraph 26 of the Complaint.

27. Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 27 of the Complaint.

28. Defendants are without sufficient knowledge to know what John Henry did or did not do, and deny the remaining allegations of paragraph 28 of the Complaint.

29. Defendants were unaware that Mr. Henry registered the company with Maryland State Department of Assessments and Taxation and therefore had no opportunity to object.

30. Defendants deny that a partnership existed, that Mr. Henry was a principal of any such partnership, and all remaining allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants admit that Mr. Henry was an employee of Washco Development, legal counsel to them, and given Mr. Henry's cessation of services for Washco Developments and other projects and based on discussions with Mr. Henry, Mr. Henry's employment and legal services terminated, and deny the remaining allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Paragraph 36 is an incorporation paragraph and requires no response.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. The averment in paragraph 40 is a conclusion of law to which no response is required.

41. Paragraph 41 is an incorporation paragraph and requires no response.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46-58. No response is required for these paragraphs because they are subject to a Motion to Dismiss filed contemporaneously herewith.

59. Paragraph 59 is an incorporation paragraph and requires no response.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants admit the Mr. Henry drafted an LLC Agreement whereby he sought to obtain an ownership interest in Hagerstown Galleria, but deny the remaining allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

## General Denial

Any allegation in Plaintiff's Complaint not specifically admitted above is hereby denied.

## Defenses and Affirmative Defenses

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the statute of frauds.

3. Plaintiff's claims are barred by duress.

4. Plaintiff's claims are barred by estoppel.

5. Plaintiff's claims are barred by failure of consideration.

6. Plaintiff's claims are barred by fraud.

7. Plaintiff's claims are barred by illegality.

8. Plaintiff's claims are barred by waiver.

9. Plaintiff's claims are barred by laches and/or statute of limitations.

10. Plaintiff's claims are barred by payment.

11. Plaintiff is barred from recovery because he practiced law in Maryland without being admitted to the Maryland Bar.

12. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by the Defendants, Plaintiff has failed to mitigate or minimize the alleged damages.

13. Defendants are not liable for punitive damages under federal or state law, because Defendants have not committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights.

14. Plaintiff has pled and filed this action in bad faith and therefore should be barred from any recovery in this action.

15. Defendants reserve the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendants/Counter-Plaintiffs, Mansoor Emral Shaool and Janet Emral Shaool, and Defendant, Adam Emral Shaool, respectfully request that this Court dismiss Plaintiff's

Complaint with prejudice, award them their costs and attorneys' fees incurred in this action, and award them any such other relief that this Court deems just and proper.

        Respectfully submitted,

        BREGMAN, BERBERT, SCHWARTZ & GILDAY, LLC

By:    /s/
        Douglas M. Bregman, #02131
        Heather L. Kafetz, #25116
        7315 Wisconsin Avenue
        Suite 800 West
        Bethesda, Maryland 20814
        (301) 656-2707
        dbregman@bregmanlaw.com
        hkafetz@bregmanlaw.com

        *Counsel for Mansoor Emral Shaool, Janet Emral Shaool and Adam Emral Shaool*

## **JURY DEMAND**

Mansoor Emral Shaool, Janet Emral Shaool and Adam Emral Shaool hereby request a trial by jury on all issues so triable.

        /s/
        Heather L. Kafetz