IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                 *
JOHN A. HENRY, JR.,
                                 *
     Plaintiff,
                                 *
        v.                          CIVIL NO.: WDQ-07-2592
                                 *
MANSOOR EMRAL SHAOOL, ET AL.,
                                 *
     Defendants.
                                 *
```

*     *     *     *     *     *     *     *     *     *     *     *     *

MEMORANDUM OPINION

John A. Henry, Jr. sued Mansoor Emral Shaool, Janet Emral Shaool, Sassan Emral Shaool, and Adam Emral Shaool for a declaratory judgment that he owns twenty percent of a partnership with the Shaools (Count I), breach of contract (Count II), breach of fiduciary duty (Count III), fraud (Count IV), and unjust enrichment (Count V). Pending is the Shaools' motion to dismiss Counts III and IV of Henry's complaint and all claims for punitive damages. For the following reasons, the Shaools' motion will be granted in part and denied in part.

I.   Background[1]

Henry is an experienced real estate attorney who has helped develop regional shopping centers. In April 2003, Henry formed a partnership to develop shopping centers in Hagerstown, Maryland

---

[1] This Background statement assumes the truth of Henry's well-pled allegations.

and elsewhere with Sassan Shaool, Mansoor Shaool, Janet Shaool, and Dave Neuman, a leasing expert with whom Henry had worked previously on development deals.  Adam Shaool replaced Neuman as a partner after Neuman withdrew from the partnership.  Henry was to receive 16.6666% ownership of any properties he developed with the Shaools.  After Neuman withdrew, Henry's percentage increased to 20%.

Henry received an apartment in Hagerstown and an interim salary from the partnership while he began developing partnership business.  On December 23, 2003, the parties signed an agreement to form a limited liability company, Washco-Carlisle Crossing, LLC, ("WCC") to develop a shopping center in Carlisle, Pennsylvania.  The ownership interests in WCC were identical to those in the partnership.

The parties also agreed to form Washco-Hagerstown Galleria, LLC, ("WHG") to develop a shopping center in Hagerstown.  Henry identified and purchased land for the shopping center and contacted retailers to lease there.  Henry drafted a limited liability agreement for WHG similar to the WCC agreement, but only Henry and Sassan Shaool signed it.  WHG was also registered with the Maryland State Department of Assessments and Taxation.

In October 2004, the Shaools froze Henry out of the partnership.  The Shaools then terminated Henry, contending that he was simply an employee of the partnership.  Since that time,

2

the Shaools have refused to provide Henry with any information about the partnership or allowed him to participate in its business.

On September 25, 2007, Henry sued the Shaools in this Court. Paper No. 1.  On February 7, 2008, the Shaools filed a motion to dismiss.  Paper No. 18.

II.  Analysis

A. Standard of Review

Under Rule 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007).

The court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), nor "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted). Thus, "[f]actual allegations must be enough to raise a right to

3

relief above the speculative level." *Bell Atlantic*, 127 S. Ct.
at 1965.

Although the notice-pleading requirements of Rule 8(a)(2)
are "not onerous," the plaintiff must allege facts that support
each element of a claim. *Bass v. E.I. Dupont de Nemours & Co.*,
324 F.3d 761, 764-65 (4th Cir. 2003).

In deciding a Rule 12(b)(6) motion, the Court will consider
the facts stated in the complaint and any incorporated documents.
*Biospherics, Inc. v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md.
1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998).  The Court may also
consider documents referred to in the complaint and relied upon
by the plaintiff in bringing the action.  *Id.*

B. Breach of Fiduciary Duty

The Shaools argue that Henry's breach of fiduciary duty
claim should be dismissed because it is not a recognized cause of
action under Maryland law.  Henry counters that breach of
fiduciary duty is recognized as a claim under Maryland law.

Neither this District nor Maryland's appellate courts have
been consistent on this issue.  *Compare Kann v. Kann*, 344 Md.
689, 690 A.2d 509 (1997) (no universal cause of action for breach
of fiduciary duty), *and Stewart v. Balt. Teachers Union*, 243 F.
Supp. 2d 377 (D. Md. 2003) (same), *with Ins. Co. of N. Am. v.
Miller*, 362 Md. 361, 765 A.2d 587 (2001) (addressing breach of
fiduciary duty claim), *and BEP, Inc. v. Atkinson*, 174 F. Supp. 2d

400 (D. Md. 2001) (same).  This inconsistency is derived from the
Court of Appeals's equivocal ruling in *Kann*, when the court held
that "there is no universal or omnibus tort for the redress of
breach of fiduciary duty by any and all fiduciaries," 344 Md. at
713, 690 A.2d at 521, but in the next sentence stated that
"[t]his does not mean that there is no claim or cause of action
available for breach of fiduciary duty." *Id.*  The *Kann* court
explained that

> [o]ur holding means that identifying a breach of
> fiduciary duty will be the beginning of the analysis, and
> not its conclusion.  Counsel are required to identify the
> particular fiduciary relationship involved, identify how
> it was breached, consider the remedies available, and
> select those remedies appropriate to the client's
> problem.

*Id.*

The Shaools rely on a footnote in a 2002 Court of Appeals
opinion to support their argument.  *See Int'l Bhd. of Teamsters
v. Willis Corroon Corp. of Md.*, 369 Md. 724, 728 n.1, 802 A.2d
1050, 1052 n.1 (2002) ("In *Kann*, we pointed out that, although
the breach of a fiduciary duty may give rise to one or more
causes of action, in tort or in contract, Maryland does not
recognize a separate tort action for breach of fiduciary duty.").
The Court does not read this dicta as extinguishing all claims
for breach of fiduciary duty.  Indeed, in 2007 the Court of
Appeals referenced *Willis Corroon* and *Miller* and did not suggest
that *Willis Corroon* had eliminated breach of fiduciary duty tort

5

claims.  *BAA, PLC v. Acacia Mut. Life Ins. Co.*, 400 Md. 136, 144 n.7, 929 A.2d 1, 5 n.7 (2007).

In *Kann*, the plaintiff asked the court to declare all breaches of fiduciary duty actionable at law and triable to a jury.  344 Md. at 706, 690 A.2d at 517.  The *Kann* court was unwilling to take this step, largely because the plaintiff had sued as a trust beneficiary and such relief had always been equitable.  *Id.* at 710-11, 690 A.2d at 519-20.  The *Kann* court also expressed concern about allowing non-economic damages for decidedly economic harms.  *Id.* at 711, 690 A.2d at 520.

Henry's claim does not present the problems posed by the plaintiff in *Kann*.  Henry seeks a judicial determination of the buyout price for his share of the partnership and an accounting.  These remedies are not duplicative of his other claims, and there is no suggestion of non-economic damages.  Moreover, Henry has satisfied the *Kann* court's prerequisites for pursuing a breach of fiduciary claim.  344 Md. at 713, 690 A.2d at 521.  Henry alleges that the Shaools breached their duty of loyalty as members of the partnership by freezing him out of business operations and communications.  Henry also seeks remedies that are appropriate for resolving Henry's alleged loss of partnership profits.  As Henry has alleged a breach of fiduciary duty claim that is consistent with the *Kann* court's directives, the Shaools' motion to dismiss the claim will be denied.

6

C. Fraud

The Shaools argue that Henry's fraud claim should be dismissed because he provides no supporting facts, alleges statements of future intent, and does not demonstrate reasonable reliance.  Henry contends that his fraud claim should survive dismissal because he alleges that the Shaools induced him to enter the partnership when they had no intention of honoring his rights as a partner.

Under Rule 9(b), parties alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Particularity requires pleading "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [was] obtained thereby."  *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (internal quotation marks omitted).  But Rule 9(b) must also be read in conjunction with the "short and plain statement" requirements of Rule 8(a) and the Federal Rules' policy preference in favor of simple pleadings. *Superior Bank, F.S.B. v. Tandem Nat'l Mortgage, Inc.*, 197 F. Supp. 2d 298, 314 (D. Md. 2000).  Courts should be hesitant to dismiss a claim under Rule 9(b) if (1) the defendant is on notice of the particular facts of the alleged fraud and (2) the plaintiff has substantial pre-discovery evidence of those facts. *Harrison*, 176 F.3d at 784.

7

Although Rule 9(b) provides the particularity standards, in diversity cases such as this,[2] Maryland's substantive law provides the necessary elements. Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297, at 55-56 (3d ed. 2004). Under Maryland law, establishing fraud requires proof that: (1) the defendant made a false representation of material fact; (2) the defendant knew or believed the statement was false when made; (3) the purpose of the misrepresentation was to defraud the plaintiff; (4) the plaintiff reasonably relied on the misrepresentation; and (5) the plaintiff suffered damages as a result of the reliance. *Hoffman v. Stamper*, 385 Md. 1, 28, 867 A.2d 276, 293 (2005).

Henry's fraud claim does not satisfy the particularity requirements of Rule 9(b). Henry does not allege when the false representations were made or the substance of the statements that induced him to believe that Mansoor and Sassan Shaool would honor the partnership agreement. Rather than alleging specific facts, Henry generally alleges that the Shaools never intended to provide him with his ownership share of the Hagerstown Galleria development. This is insufficient. *See Kwang Dong Pharm. Co. v. Han*, 205 F. Supp. 2d 489, 495 (D. Md. 2002) (counter-plaintiff's general assertions that pharmaceutical company never intended to

---

[2] Henry is a resident of South Carolina, the Shaools are residents of Maryland, and the claims exceed $75,000.

honor signed contract did not state fraud claim).

Henry's supporting case, *Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos*, 264 F.3d 424 (4th Cir. 2001), does not further his argument.  In *Edell*, a law firm alleged numerous oral and written communications between it and another law firm establishing that an upcoming contingent fee would be shared fairly.  *Id.* at 444-45.  The plaintiff law firm alleged that despite its affirmative statements, the defendant law firm never intended to share the contingency fee.  *Id.* at 436-37.  As the plaintiff law firm had alleged a strong factual foundation to its claim for a fair share of the fees, its fraud claim survived summary judgment.  *Id.* at 446.  In contrast, Henry has not provided a factual basis for his fraud claim beyond his general allegations that the Shaools never intend to honor the partnership agreement.  Accordingly, Henry's fraud claim will be dismissed.

D. Punitive Damages

The Shaools argue that Henry's punitive damages claim should be dismissed because he has not pled that the Shaools acted with actual malice.  Henry counters that he alleged that the Shaools acted intentionally and with actual malice when they violated their fiduciary duties to him.

Although Henry's fraud claim will be dismissed, punitive damages are recoverable on Henry's surviving breach of fiduciary

duty claim. *Adams v. Coates*, 331 Md. 1, 626 A.2d 36 (1993).
Under Rule 9(b), "[m]alice, intent, knowledge, and other
conditions of a person's mind may be alleged generally." Fed. R.
Civ. P. 9(b); *see also* Wright & Miller, *supra*, § 1301 at 295
(general averments suffice for punitive damages claims). Henry
has alleged that the Shaools intentionally committed acts that
deprived him of his rightful share of the partnership. This is
all that is required at this stage of the proceedings. *Oliver v.
Bostetter*, 426 F. Supp. 1082, 1090 (D. Md. 1977). The Shaools'
motion to dismiss Henry's claim for punitive damages will
therefore be denied.

III. Conclusion

        For the reasons discussed above, the Shaools' motion to
dismiss will be granted in part and denied in part.


April 9, 2008                         /s/
Date                          William D. Quarles, Jr.
                              United States District Judge