IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                  *
JOHN A. HENRY, JR.,
                                  *
     Plaintiff,
                                  *
          v.                         CIVIL NO.: WDQ-07-2592
                                  *
MANSOOR EMRAL SHAOOL, ET AL.,
                                  *
     Defendants.
                                  *
```

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

John Henry sued Mansoor Emral Shaool, Janet Emral Shaool, Sassan Emral Shaool, and Adam Emral Shaool over the formation of a joint venture to operate a shopping center in Hagerstown, Maryland.  Mansoor Emral Shaool, Janet Emral Shaool, and Sassan Emral Shaool counterclaimed against Henry for his work on the formation of a joint venture organized to operate a shopping center in Carlisle, Pennsylvania.  Pending is Henry's motion to disqualify Douglas Bregman and his law firm, Bregman, Berbert, Schwartz & Gilday LLC (the "Firm"), from representing Mansoor Emral Shaool, Janet Emral Shaool, and Adam Emral Shaool (the "Shaools").  For the following reasons, Henry's motion will be denied.

I.  Background

In December 2003, the parties formed a limited liability company, Washco-Carlisle Crossing, LLC ("WCC") to develop a

1

shopping center in Carlisle, Pennsylvania (the "Carlisle Project").  The parties also agreed to form Washco-Hagerstown Galleria, LLC ("WHG") to develop a shopping center in Hagerstown, Maryland (the "Hagerstown Project").  Bregman and members of the Firm provided legal advice to WCC, and to Henry and WHG in connection with the Hagerstown Project.  Bregman and the Firm represent Mansoor, Janet, and Adam Shaool in the current litigation.

On April 11, 2008, Henry filed a motion to disqualify Bregman and the Firm from representing the Shaools.  On August 4, 2008, a hearing was held on Henry's motion.

II.  Analysis

Henry argues that Maryland[1] Lawyers' Rules of Professional Conduct ("Rule") 1.9 and 3.7 bar Bregman and the Firm from representing the Shaools.  The Shaools counter that Rule 1.9 does not apply because neither Bregman nor the Firm ever represented Henry.  The Shaools also argue that Rule 3.7 does not apply because Bregman will not act as trial counsel for the Shaools.

A. Motion to Disqualify Standard

Disqualification of counsel is a drastic remedy because it deprives clients of counsel of their choice.  *Gross v. SES Americom, Inc.*, 307 F. Supp. 2d 719, 722 (D. Md. 2004).  Courts

---

[1] Under Local Rule 704, the Court applies the Maryland Lawyers' Rules of Professional Conduct as adopted by the Maryland Court of Appeals.  D. Md. R. 704.

nonetheless are obligated to "preserve the public's confidence in the judicial system." *Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D. Md. 1995). Courts are not required to analyze the circumstances with "hair-splitting nicety." *United States v. Clarkson*, 567 F.2d 270, 273 n.3 (4th Cir. 1977). Rather, courts must find "a balance between the client's free choice of counsel and the maintenance of the highest ethical and professional standards in the legal community." *Buckley*, 908 F. Supp. at 304 (quotations and citations omitted). Although some Maryland state courts have explained that the inquiry should focus on probability and not certainty of conflict, *see Tydings v. Berk Enters.*, 80 Md. App. 634, 639, 565 A.2d 390, 393 (Ct. Spec. App. 1989), movants in this Court bear a high standard when demonstrating that disqualification is necessary, *see, e.g.*, *Franklin v. Clark*, 454 F. Supp. 2d 356, 364 (D. Md. 2006).

B. Rule 1.9

Henry argues that Rule 1.9 prohibits Bregman and the Firm from taking sides in a dispute between partners over an entity that the Firm previously represented. The Shaools counter that as Bregman and the Firm never represented Henry, he cannot use Rule 1.9 to disqualify them from representing the Shaools in this matter.[2]

---

[2] The Shaools also argue that Henry waived the right to move for disqualification, and that the timing of Henry's motion suggests that it was intended to harass. Although the timing of

Under Rule 1.9, the party seeking disqualification must establish that an attorney-client relationship existed. *Stratagene v. Invitrogen Corp.*, 225 F. Supp. 2d 608, 610 (D. Md. 2002). As Henry seeks to disqualify Bregman and the Firm under Rule 1.9(c), he must also show that Bregman will or has used information relating to the representation to Henry's disadvantage. *See* Rule 1.9(c)(1). Rule 1.9 governs a lawyer's duty to former clients. The Rule provides in part:

> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Md. Lawyers' Rules of Prof'l Conduct R. 1.9(c).

A lawyer who represents a joint venture or corporation generally represents the entity, and not any of the individual members of the organization. *See* Restatement (Third) of Law Governing Lawyers § 121 cmt. d (2000); *see also Attorney Grievance Comm'n v. Siskind*, 401 Md. 41, 72, 930 A.2d 328, 346 (2007) (citing Restatement attorney-client formation sections with approval). Rule 1.13(a) provides that an attorney "employed

Henry's motion--two days after the Court ruled on the Shaools' fully briefed motion to dismiss--suggests that it could have been filed earlier, delay alone is an insufficient basis on which to deny relief. *Buckley*, 908 F. Supp. at 307.

or retained by an organization represents the organization acting through its duly authorized constituents." Md. Lawyers' Rules of Prof'l Conduct R. 1.13(a). In some instances, however, the relationship between the represented entity and other persons might extend the lawyer's obligations to those other persons. Restatement (Third) of Law Governing Lawyers § 121 cmt. d.[3] Courts must analyze the interests of the organization and those of the individuals involved when a lawyer represents an organization and a person associated with it. *Id.* § 131 cmt. e.

Henry relies on an informal opinion by the Maryland State Bar Association Committee on Ethics to support his argument. Although the opinions are only persuasive authority, the Court of Appeals has referenced them favorably in attorney conduct cases. *See, e.g.*, *Attorney Grievance Comm'n v. James*, 340 Md. 318, 327-28, 666 A.2d 1246, 1250 (1995). In Ethics Docket 95-36, an attorney who had previously represented a joint venture was asked to represent minority partners in an unrelated dispute with majority partners in the same joint venture. As the joint venture was a former client, the Committee found that Rule 1.9(b)[4] may preclude the attorney's representation of the

---

[3] A conflict may arise, for example, "where financial loss or benefit to the nonclient person or entity will have a direct, adverse impact on the client." Restatement (Third) of Law Governing Lawyers § 121 cmt. d.

[4] The 1995 version of Rule 1.9(b) is similar to current Rule 1.9(c). The Rule read as follows:

minority partners if the attorney acquired any information about the joint venture in the prior representation that had not been available to the minority partners and would benefit the minority partners in the current dispute.

The Committee's opinion in Ethics Docket 95-36 provides little support for disqualification.  As WCC is Bregman's former client, the pertinent inquiry is whether Bregman and the Firm acquired information in that representation that would disadvantage WCC.  Although it is not always the case, as the Shaools assert, that the interests of majority members of a venture are in the best interest of the venture, Bregman testified that he gained no confidential information during his prior representation that could disadvantage WCC in the current suit.  *See* Douglas M. Bregman Aff. ¶ 4, Apr. 28, 2008.

Bregman's legal advice in the formation of WHG presents a different case.  Bregman reviewed the WHG LLC agreement and provided Henry with comments on it.  Pl.'s Reply Ex. A.  Now, on

---

A lawyer who has formerly represented a client in a matter shall not thereafter:

(a) represent another person in the same or a substantially related matter in which that persons' interests are materially adverse to the interests of the former client unless the former consents after consultation; or

(b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.

behalf of the Shaools, Bregman argues that Henry has no ownership interest in WHG or the Hagerstown Project.  Def.'s Opp'n at 3 n.1.  If, as Henry contends, the Shaools improperly froze him out of WHG as a minority shareholder and breached their fiduciary duties to him, Henry's nonparticipation in the venture could harm WHG's operation.  Any information acquired by Bregman during his prior representation and used to bar Henry from the venture could disadvantage WHG.  Although this speculation suggests a possible conflict with respect to WHG, the likelihood of harm to WHG is not so clear that it meets the high standard needed to disqualify Bregman from this case.[5]

As Henry was not a client of Bregman or the Firm, Rule 1.9 does not apply to this case.  That Bregman and the Firm represented WCC or provided legal advice on the formation of WHG does not establish that Bregman or the Firm represented Henry.  Rather, they represented business entities for whom Henry worked, and owed duties to those entities.  Rule 1.9 does not bar Bregman's or the Firm's representation of the Shaools.

---

[5] The parties have discussed two other Committee opinions that are distinguishable because the party moving to disqualify was a former client of the attorney, *see* Ethics Docket No. 93-33 (attorney who represented brother and sister as co-personal representatives of mother's estate could not represent brother in separate dispute against sister over the estate because sister was attorney's former client), and the attorney had not previously represented the corporation, *see* Ethics Docket 93-33 (attorney who had never represented closely held corporation could represent corporation and majority shareholder in dispute with minority shareholder).

C. Rule 3.7

Henry contends that Bregman should be disqualified from representing the Shaools because he will be a necessary witness at trial.  Henry also argues that the Firm should be disqualified because eight lawyers other than Bregman provided legal services to WCC.  The Shaools counter that Rule 3.7 bars only his acting as trial counsel, and that he and the Firm can represent the Shaools otherwise.

> Rule 3.7 provides:
>
> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Md. Lawyers' Rules of Prof'l Conduct R. 3.7.  In assessing whether an attorney should be disqualified under Rule 3.7, courts assess "the materiality of the advocate-witness's evidence; the exclusivity of the advocate-witness as the source of the evidence; and the prejudice to the advocate-witness's client." *Klupt v. Krongard*, 126 Md. App. 179, 207, 728 A.2d 727, 740 (Ct. Spec. App. 1999).  The lawyer-witness rule is most significant for the opposing party when the advocate is expected to testify for his client.  *Id.* at 206, 728 A.2d at 740.  Disqualification

under Rule 3.7 generally extends to barring a lawyer-witness from representation at trial, and not other participation in the case. *Id.* at 211 n.6, 728 A.2d at 742 n.6.

Rule 3.7 does not bar Bregman's representation of the Shaools before or after trial.  The Shaools acknowledge that Bregman will not act as an advocate at trial, and Rule 3.7 does not prohibit his participation in other aspects of the case. Bregman therefore may continue to represent the Shaools--except at trial.

Rule 3.7 also does not prohibit the Firm's representation of the Shaools.  Henry contends that the Firm should be disqualified because it provided significant legal advice to WCC that is relevant to Henry's claims and the Shaools' counterclaims.  Pl.'s Reply Ex. B.  That lawyers in the Firm provided legal advice to WCC does not make those lawyers necessary witnesses.  Indeed, the bills provided by Henry mostly refer to retail businesses that would be located at the Carlisle Project.  *See, e.g.*, *id.* (Firm bill for work done on Starbucks lease, Nov. 10, 2004).  As the Shaools' counterclaims primarily concern Henry's self-interest in the sale of WCC to another buyer, there is no indication that any of these lawyers will be necessary witnesses.  Therefore, Rule 3.7 does not bar Bregman or the Firm's representation of the Shaools.

III. Conclusion

For the reasons discussed above, Henry's motion to disqualify will be denied.

August 11, 2008                          /s/
Date                          William D. Quarles, Jr.
                              United States District Judge